# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 54575-6-II |
| TONY LEWIS LEAGUE, | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — Tony League seeks relief from personal restraint imposed as a result of his 2016 convictions for second degree assault while armed with a firearm, first degree unlawful possession of a firearm, and three counts of gross misdemeanor violation of a domestic violence no-contact order.[1]  First, he argues that the evidence was insufficient to prove beyond a reasonable doubt that he committed first degree unlawful possession of a firearm because the State did not prove that he possessed a firearm.  Second, he argues that the evidence was insufficient to prove beyond a reasonable doubt that he was armed with a firearm when he committed second degree assault.

Evidence is sufficient if, after viewing it in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Credibility determinations are not subject to review.  *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

---

[1] League pleaded not guilty and claims that the evidence against him was insufficient. Those claims exempt his petition from the one-year time bar.  RCW 10.73.100(4).  His direct appeal was dismissed as untimely filed.

At trial, Briana Guill testified that during an argument, League pulled a gun out of a holster and pointed it at her midsection. She testified that she felt her safety was in danger when League pointed the gun at her. A citizen found a loaded gun near where League had pointed the gun at Guill. Police test fired the firearm. From photos of that firearm, Guill testified that it appeared to be the gun that League pointed at her. When contacted by the police, League had a holster in his sweatshirt pocket. Taken in the light most favorable to the State, this evidence is sufficient for a rational trier of fact to find that he was in possession of the firearm and that he was armed with a firearm when he assaulted Guill.

League does not show that he is entitled to relief from restraint. We therefore deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

Glasgow, J.

Cruser, J.